**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
UNITED STATES OF AMERICA,

              - against -

TONY CLANTON.
-----------------------------------------------------------X

**MEMORANDUM & ORDER**

97-CR-776 (ERK) (RER)

      The Honorable Edward R. Korman referred this matter to me to conduct a violation of supervised release hearing and issue a report and recommendation pursuant to 18 U.S.C. § 3401(i). The government claims that Tony Clanton violated the terms of his supervised release by committing a home invasion robbery and possessing a firearm. The revocation hearing was held on September 19, 2006, at which three witnesses testified for the government: New York City Police Detectives Niurca Quiñones and Kenneth Anderson, and United States Probation Officer Richard Koury. The government did not call the victims of the home invasion robbery, Louis Gamble and Wynette Randall, to testify, claiming that it was unable after reasonable efforts to secure their presence at the hearing. Instead, the government offered Gamble's and Randall's hearsay statements about the robbery through the testimony of Detectives Quiñones and Anderson.[1]

      At the outset of the hearing, Clanton objected to the entire proceeding, arguing that the government's failure to produce Gamble and Clanton violated his rights under Rule 32.1(b)(2)(C) of the Federal Rules of Criminal Procedure. H. 6:23-15:13.[2] That Rule provides that a defendant in a revocation hearing is entitled to the "opportunity to question any adverse witness,

---

    [1] It is undisputed that Gamble's and Randall's hearsay statements are the only testimony linking Clanton to the home invasion robbery and the firearm used during that robbery.

    [2] Citations in the form "H. __" are to the transcript of the revocation hearing.

unless the judge determines that the interest of justice does not require the witness to appear."[3] Clanton argued that the government had not established "good cause" for failing to produce Gamble and Randall at the hearing. After some colloquy, I overruled Clanton's objection and permitted the government to present its case.[4]

At the close of the government's case, Clanton requested that I bifurcate the hearing and issue a report and recommendation on the good cause issue before requiring Clanton to present his case. H. 166:4-167:3; H. 170:20-171:14. Clanton argued that going forward without a final resolution of the good cause issue by Judge Korman would put him in an "unfair" position, subjecting him to adverse consequences potentially flowing from his decision to testify in his own behalf when the government arguably failed to sustain its burden of proof if the hearsay statements were excluded. H. 167:15-169:5; H. 170:20-171:14. I ruled preliminarily that there was good cause for the government's failure to procure Gamble's and Randall's presence at the hearing, suggested that Clanton present whatever evidence to counter that preliminary determination, but nevertheless adjourned the hearing to give Clanton's counsel the opportunity to brief the good cause and bifurcation issues. H. 169:6-172:19.

Having reviewed the letter briefs submitted by both Clanton and the government, I adhere to my preliminary ruling on the good cause issue, and reject Clanton's request to bifurcate the

---

[3] Rule 32.1 "is essentially a codification of a due process requirement established by the Supreme Court for parole revocation by states in *Morrissey v. Brewer*, 408 U.S. 471, 33 L. Ed. 2d 484, 92 S. Ct. 2593 (1972), and for probation revocation by states in *Gagnon v. Scarpelli*, 36 L. Ed. 2d 656, 93 S. Ct. 1756 (1973)." *United States v. Zentgraf*, 20 F.3d 906, 909 (8th Cir. 1994).

[4] During the hearing, Clanton's counsel raised a continuing objection to the introduction of Gamble's and Randall's hearsay statements, which I overruled. H. 26:23-27:6.

revocation hearing.[5] Clanton's argument that it would be prejudicial to require him to present his case before the good cause issue is fully litigated is unpersuasive. This case is no different than one in which a probationer objects to the admission of evidence for any number of reasons unrelated to the "good cause" issue, or where a probationer does not believe the government has sustained its burden of proof. In such situations, the probationer faces the same choices and risks as Clanton does here. If he decides not to present a case, he risks an adverse decision based solely on the strength or weakness of the government's case. If he testifies, he faces the potential risk of self-incrimination. The presence of the "good cause" issue does not change that calculus. Clanton's argument, if sustained, would require that *all* revocation hearings referred to magistrate judges pursuant to 18 U.S.C. § 3401(i) be bifurcated to permit the district judge to rule on any number of objections to the admission of evidence or the sufficiency of the government's case before requiring the probationer to present his case. Such a procedure is not only cumbersome, but it is not required by Rule 32.1, any controlling authority, or even the Constitution.

Finally, Clanton's argument that Judge Korman's referral of the revocation hearing to me compromises his "fundamental rights, and place[s] him at a disadvantage relative to the position he would be in if his supervised release hearing were being conducted by an Article III Judge" is misplaced. *See* October 1, 2006 letter from Jeremy Gutman to the Court, at 4. Were Judge Korman to conduct the revocation hearing there is nothing to say that he would do as Clanton requests and render a separate decision on the good cause issue, whether on the record or in

---

[5] I will issue a separate report and recommendation on the good cause issue following the conclusion of the hearing.

writing, before requiring Clanton to present his case. Indeed, what Clanton seeks in the instant motion is to be placed in a *better* position than were this revocation hearing to be conducted before Judge Korman – he wants two bites at the apple before a final disposition.[6] Again, there is nothing in the context of this case that requires, constitutionally or otherwise, that the good cause issue be bifurcated.

Accordingly, Clanton's request to bifurcate the hearing is denied. The revocation hearing will continue on October 6, 2006 at 11:00 a.m., at which time Clanton may either present his case or rest on the present record.

Dated: Brooklyn, New York
October 3, 2006

/s/
RAMON E. REYES, JR.
United States Magistrate Judge

---

[6] Were the revocation hearing to be held before Judge Korman it is unlikely that Clanton would be entitled to appeal a good cause determination in a piecemeal fashion to the United States Court of Appeals for the Second Circuit. *See* 29 U.S.C. § 1291 (requiring, with certain limited exceptions not applicable here, final judgment prior to appeal).